**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

R.H., individually and as parent and )
next friend of J.S., a minor, )
    Plaintiffs, )
                              )
v. )          Case No. 1:26-cv-1441
                              )
Clinton Prairie School Corporation, )
    Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**WITH JURY TRIAL DEMAND**

Plaintiffs, R.H., individually and as parent and next friend of J.S., a minor child (collectively, "Plaintiffs"), by counsel, and for their Complaint against Defendant Clinton Prairie School Corporation ("Defendant" or "Clinton Prairie"), state as follows:

**I. NATURE OF THE ACTION**

1. This is a civil action arising from Defendant's failure to provide J.S., a child with a disability, a free appropriate public education ("FAPE") and from Defendant's discriminatory exclusion of J.S. from school in violation of federal and state law.

2. Plaintiffs bring claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"); 42 U.S.C. § 1983; and the laws of the State of Indiana.

1

3. J.S. is a child with Attention-Deficit/Hyperactivity Disorder, Autism Spectrum Disorder Level 1, and a learning disorder affecting decoding and spelling. Rather than implement the supports the law requires, Defendant excluded J.S. from school for the remainder of the academic year following a verbal outburst that was a direct manifestation of his disabilities, offering only inadequate online instruction in its place, and causing J.S. and his mother, R.H., lasting educational, emotional, and financial harm.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights), because this action arises under the IDEA, Section 504, the ADA, and 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), because Defendant resides in this District and the events giving rise to the claims occurred in this District.

7. Assignment to the Indianapolis Division is proper because the acts and omissions giving rise to this action occurred in Clinton County, Indiana.

## III. PARTIES

2

8. Plaintiff J.S. is a minor child who at all relevant times resided in Clinton County, Indiana, and was a "child with a disability" within the meaning of 20 U.S.C. § 1401(3) and a qualified individual with a disability under Section 504 and the ADA. J.S. is identified by initials to protect his privacy. See Fed. R. Civ. P. 5.2(a).

9. Plaintiff R.H. is the mother and legal guardian of J.S. and at all relevant times resided in Clinton County, Indiana. R.H. brings this action individually and as parent and next friend of J.S.

10. Defendant Clinton Prairie School Corporation is a public school corporation organized and existing under the laws of the State of Indiana, with its principal offices in Clinton County. It is a recipient of federal financial assistance within the meaning of Section 504, a public entity within the meaning of Title II of the ADA, and a "political subdivision" within the meaning of the Indiana Tort Claims Act, IC 34-13-3-1 et seq.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES AND CONDITIONS PRECEDENT

### A. IDEA Administrative Exhaustion

11. On [DATE], Plaintiffs filed a Request for Due Process Hearing with the Indiana Office of Administrative Law Proceedings concerning Defendant's provision of a free appropriate public education to J.S.

3

12.     That administrative matter was resolved by a settlement agreement dated [DATE]. The claims asserted in this Complaint arise from conduct outside the scope of that agreement and are not barred by it.

13.     All conditions precedent to the bringing of the IDEA claim asserted herein have been performed or have occurred.

**B. Indiana Tort Claims Act Notice**

14.     Plaintiffs complied with the notice requirements of the Indiana Tort Claims Act, IC 34-13-3-1 et seq. On December 12, 2025, Plaintiffs served a written Notice of Tort Claim on Clinton Prairie School Corporation, the Indiana Attorney General, and the Indiana Political Subdivision Risk Management Commission, in compliance with IC 34-13-3-8. More than ninety (90) days have elapsed since service of the Notice, and the claim has not been approved, satisfying IC 34-13-3-11 and -13.

**C. CAPSA — Indiana Claims Against Public Schools Act Compliance**

15.     Plaintiffs complied with the notice requirements of the Indiana Claims Against Public Schools Act, IC 34-13-3.5 ("CAPSA"). The Notice described in the preceding paragraph was served pursuant to the Indiana Tort Claims Act and CAPSA as required by IC 34-13-3.5-4.

16.     The CAPSA Notice afforded Clinton Prairie School Corporation the statutory opportunity to respond. Clinton Prairie School Corporation failed to respond within the period provided by CAPSA, and the CAPSA prerequisite to suit is therefore satisfied.

17.     All conditions precedent to the maintenance of this action have been satisfied, performed, waived, or excused.

## V. FACTUAL ALLEGATIONS

### A. J.S. and His Disability

18.     J.S. has diagnosed Attention-Deficit/Hyperactivity Disorder, Autism Spectrum Disorder Level 1, and a learning disorder affecting decoding and spelling.

### B. J.S.'s Educational Program and Defendant's Knowledge

19.     At all relevant times, Defendant was or should have been aware of J.S.'s disabilities and educational needs.

20.     Defendant failed to conduct timely and comprehensive evaluations and failed to provide adequate accommodations, services, and behavioral supports.

21.     Defendant knowingly maintained an Individualized Education Program ("IEP") that was not reasonably calculated to enable J.S. to make appropriate progress in light of his circumstances and that supported discrimination on the basis of his disability.

22.     As a result of Defendant's failures, Plaintiffs experienced severe emotional distress, and J.S. specifically suffered increasing frustration and emotional dysregulation at school.

### C. The September 2025 Exclusion

23.     On September 17, 2025, J.S. engaged in verbal behavior that was a direct manifestation of his disabilities.

24.     Rather than providing additional supports or modifications, Defendant excluded J.S. from school for the remainder of the academic year.

## D. Defendant's Response and Aftermath

25.     Defendant acknowledged that such exclusion would be harmful to J.S. but imposed it nonetheless.

26.     Defendant offered online instruction as the sole alternative placement, without adequate supports, accommodations, or services tailored to J.S.'s disabilities.

27.     Defendant's actions denied J.S. access to in-person educational services and isolated him from his peers.

## E. Harm to J.S. and R.H.

28.     Defendant's conduct caused J.S. educational regression, emotional distress, and loss of access to the benefits of public education.

29.     Defendant's conduct also caused Plaintiff R.H. to suffer economic harm, disruption of caregiving responsibilities, and emotional distress.

## VI. CAUSES OF ACTION

## COUNT I – VIOLATION OF THE IDEA (DENIAL OF FAPE)

30.     Plaintiffs incorporate by reference the preceding paragraphs.

31. The IDEA requires Defendant to provide J.S. a free appropriate public education in the least restrictive environment. 20 U.S.C. §§ 1412(a)(1), (a)(5); 1414(d).

32. Defendant denied J.S. a FAPE by failing to conduct timely and comprehensive evaluations, maintaining an IEP that was not reasonably calculated to enable J.S. to make appropriate progress, and excluding J.S. from school for the remainder of the academic year without adequate supports or services.

33. As a direct and proximate result, J.S. was deprived of educational benefit and is entitled to compensatory education, reimbursement, prospective relief, and attorneys' fees under 20 U.S.C. § 1415(i)(3).

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

34. Plaintiffs incorporate by reference the preceding paragraphs.

35. J.S. is a qualified individual with a disability within the meaning of Section 504. Defendant receives federal financial assistance.

36. Defendant excluded J.S. from participation in, denied him the benefits of, and subjected him to discrimination in its programs and activities solely by reason of his disability, and acted with deliberate indifference to his federally protected rights.

37. As a direct and proximate result, J.S. suffered harm and is entitled to compensatory damages, injunctive relief, and attorneys' fees.

## COUNT III – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

38.    Plaintiffs incorporate by reference the preceding paragraphs.

39.    Defendant is a public entity under 42 U.S.C. § 12131. J.S. is a qualified individual with a disability.

40.    Defendant denied J.S. the benefits of its services, programs, or activities, and discriminated against him by reason of his disability, with deliberate indifference, by failing to make reasonable modifications and instead punishing disability-related conduct.

41.    As a direct and proximate result, J.S. suffered harm and is entitled to compensatory damages, injunctive relief, and attorneys' fees.

### COUNT IV – 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT

42.    Plaintiffs incorporate by reference the preceding paragraphs.

43.    Defendant acted under color of state law.

44.    Defendant treated J.S. differently than similarly situated non-disabled students by imposing extreme disciplinary exclusion rather than accommodations, without a rational basis for excluding J.S. from school based on disability-related behavior.

45.    Defendant deprived J.S. of liberty and property interests in public education without due process of law.

46.    As a direct and proximate result, J.S. suffered harm and is entitled to compensatory damages and attorneys' fees under 42 U.S.C. § 1988.

### COUNT V – STATE-LAW NEGLIGENCE

47.    Plaintiffs incorporate by reference the preceding paragraphs.

8

48.     Defendant owed Plaintiffs a duty to exercise reasonable care in the education, discipline, and placement of J.S., a minor student with known disabilities.

49.     Defendant breached that duty by excluding J.S. from school for the remainder of the academic year without appropriate supports or services, notwithstanding Defendant's knowledge that such exclusion would be harmful to J.S.

50.     Plaintiff R.H. directly observed or contemporaneously perceived Defendant's negligent conduct toward her child.

51.     As a direct and proximate result, Plaintiffs suffered severe emotional distress and are entitled to damages. Plaintiffs served the notice required by the Indiana Tort Claims Act and CAPSA, as pleaded in Part IV above.

## COUNT VI – ASSOCIATIONAL DISCRIMINATION

52.     Plaintiffs incorporate by reference the preceding paragraphs.

53.     Plaintiff R.H. is a person aggrieved within the meaning of 29 U.S.C. § 794a(a)(2) due to Defendant's discrimination based on her association with her disabled child.

54.     Defendant had actual knowledge of R.H.'s association with J.S. and his disabilities.

55.     Defendant subjected R.H. to adverse treatment because of that association, including excluding her from meaningful participation in

educational decision-making and disregarding her advocacy for appropriate services and placement.

56.    Defendant's conduct caused R.H. direct and personal injury, including economic loss and emotional distress.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Award compensatory education and order an independent educational evaluation and comprehensive reevaluation of J.S. at public expense;

2. Award compensatory damages in an amount to be proven at trial under Section 504, the ADA, § 1983, and Indiana law;

3. Enter declaratory and injunctive relief requiring Defendant to implement appropriate accommodations, services, and behavioral supports reasonably calculated to provide J.S. a free appropriate public education;

4. Award reasonable attorneys' fees and costs under 20 U.S.C. § 1415(i)(3), 29 U.S.C. § 794a, and 42 U.S.C. §§ 12205 and 1988;

5. Award pre- and post-judgment interest; and

6. Grant all other relief the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable. To the extent any claim for equitable relief under the IDEA is not triable to a jury, Plaintiffs' jury demand reaches the 42 U.S.C. § 1983, Section 504, ADA, and state-law damages claims.

Respectfully submitted,
Curlin & Clay Law Association of
Attorneys,

*Alexandra M. Curlin* (signature)

Alexandra M. Curlin (Atty No. 24841-49)
Curlin & Clay Law Association of
Attorneys
8510 Evergreen Ave., Ste. 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 536-3663
amcurlin@curlinclaylaw.com
Counsel for Plaintiffs

    */s/ Bridget M. Boland*
Bridget M. Boland (Atty No. 39170-49)
Curlin & Clay Law Association of
Attorneys
8510 Evergreen Ave., Ste. 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 536-3663
Bboland@curlinclaylaw.com
Counsel for Plaintiffs